———————o———————

No. 3855.

(Court of Appeal, Parish of Orleans.)

A. MARX vs. BOARD OF ASSESSORS, et als.

1. Act of 130 of 1902, amending Act 170 of 1898, having taken away from the Board of Reviewers (Committee of the City Council), the power to change the valuation placed upon property by the assessors for the purpose of taxation, a power with which they were heretofore vested, it is no longer essential or sacramental. that the taxpayer, as a condition precedent to an appeal to the Courts, make application to the Board of Reviewers when it is shown that he has made his complaint and application for relief to the Board of Assessors, which alone may grant relief under the existing law.

2. The theory of the law and which appears to underlie the adjudications of the Supreme Court on the subject must be that the taxpayer should exhaust every remedy under the law which holds out to him substantial relief outside of the Court.

3. Though the law (Act 130 of 1902) provides that the City Council, upon application made to it by the taxpayer may not change the value (assessment) on property fixed by the Assessors, but have the right to take the matter to the Courts for the taxpayer and without cost to him.

HELD: The matter of costs is not the substantial relief contemplated, and may be accepted or rejected at the taxpayer's option; who must, however, bear the costs of Court, win or lose. Act 130 of 1902, Section 3. ...

Appeal from Civil District Court, Division "C."

Dinkelspiel, Hart & Davey, Appellee.

G. H. Terriberry, for Board of Assessors. H. G. Dupre, for City of New Orleans. F. C. Zacharie, for Tax Collector. E. K. Skinner, for Board of Assessors, Appellant.

ESTOPINAL, J. Plaintiff sued for and obtained a reduc-

tion of an assessment on real estate for the year 1902, from twenty thousand dollars $20,000.00) to fifteen thousand dollars ($15,000.00).

Defendants appealed from the judgment of the District Court, urging that plaintiff, having failed to comply with the provisions of Section 26 of Act 170 of 1898 relative to appearing before the Committee on Assessments of the City Council, had no standing in Court.

Plaintiff's contention, which has been sustained by the lower Court, is, that the Committee of the City Council having been deprived under the provisions of Act 130 of 1902, of the power to reduce assessments, that therefore, to appeal to this committee is no longer necessary, and is a vain and useless formality.

This Court is called upon to determine substantially this question:

"Does the variance or difference in the Revenue Laws from 1886, to 1898, which are uniform and alike on the subject of assessments, or substantially so, and the last Revenue law (Act 130 of 1902), warrant a departure from the well settled jurisprudence as laid down by the Supreme Court, that compliance with certain provisions of the Acts, to-wit: "The filing by the tax payer of a sworn return or statement with the assessors, and application to the Board of Assessors and the Board of Reviewers (Committee City Council), is a condition precedent which must be fulfilled before the tax payer can assert his right before the courts for relief."

The Act of 1886, as well as that of 1898, gave the power to the Board of Reviewers to change the value made by the Assessors, and therefore, the tax payer might secure relief from this Board, but not so under the Act of 1902, which must control here.

Under the latter act the authority given under former laws, to reduce assessments, is taken away from the Committee of the Council. This committee, on application of the tax payer may bring the matter into the courts on behalf of the tax payer without cost to him.

Under Section 24 (Act 170 of 1898) it is provided, "If

347

there be no concurrence as to the valuation for the purpose of taxation between the Assessor and Reviewers, then, and in that case the valuation as fixed by the *Board of Reviewers shall remain as final,* unless otherwise ordered and adjudged by the Courts as provided by this Act."

As amended by Section 3 of Act 130 of 1902, we find that in the event of non-concurrence between the Board of Assessors and the Reviewers, then, and in that case, the valuation as fixed by the *Board of Assessors* remains as final.

We take it that the several decisions of the Supreme Court (Louisiana Brewing Company vs. Board of Assessors 41 A, and other cases on the subject), holding that the conditions heretofore referred to must be complied with before the tax payer can appeal to the Courts, were based upon the theory that the tax payer must exhaust every remedy which the law gave him, and only after then would the Courts hear him. We take it also that these remedies outside of Court must be of a substantial character, such as would preclude the necessity of an appeal to the Courts.

It must be admitted that this was the only reasonable construction to be put upon the then law, but would it be reasonable under the existing law to require the tax payer, before he can go into Court, to observe certain formalities which, in the end, would not avail him. We cannot believe that it is intended or is in any way the purpose or spirit of the law. But, say counsel, the tax payer should appeal to the Board of Reviewers, which, under the present law gives him an entre into Court without cost to him. We need but say in answer to this, that under the theory upon which we predicate this opinion, the relief is not of the substantial and definite kind contemplated, but is at best, a small morsel of consolation thrown out to the tax payer which he may at his option accept or reject.

Plaintiff here chose to enter the Courts without the aid of the Board of Reviewers, and in so doing he was clearly within his rights. Had plaintiff appeared before the Committee of the City Council, and secured endorsement by it of his claim for reduction, true, he would have escaped the payment of costs no matter what the result of his suit might be.

The tax payer's action in going into Court without the aid of the Board of Review, makes him, under existing law, liable for all costs of the suit. Section 3 of Act 130 of 1902 amending Section 24 of Act 170 of 1898 reads: "To which appeal for relief shall be heard and determined by the judge without delay, and shall be without cost to the taxpayer or other party to the cause.

The defendants attempted to prove that plaintiff had made no sworn return of the value of his property to the Board of Assessors, but objection was made to the evidence on the ground that it was not the defense set up in the answer.

Though the record does not show that there was any ruling made on the objection, the fact remains that plaintiff. made no answer to the interrogatories, and we find no bill of exceptions reserved or anything tangible for the guidance of the Court. At any rate the evidence attempted to be adduced is not responsive to the averments of the answer.

The statements of plaintiff that all he did to secrue a reduction of his assessment "was to appear before the Board of Assessors" is not an admission and does not, as councel suggests, mean that he has failed to make a sworn return, but from our appreciation of the testimony, plaintiff. intended to convey the idea that he did*nothing else with regard to obtaining a reduction of his assessment* but apply to the Board of Assessors.

We are of opinion that under the existing law plaintiff did all that is necessary to permit an appeal to the Courts.

The suit was for the reduction of an assessment and not for the payment of taxes, and the judgment in favor of plaintiff should have simply decreed a reduction without any reference to interest and penalties which were not issues in this case, and can only arise when offer of payment had been made. The record does not show tender of taxes was made.

We shall affirm the judgment of the District Court, amending it however, insofar as it relates to the interest and penalties.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be, and thesame is hereby amended by striking out therefrom so much thereof as refers to interest and

penalties and as thus amended, the judgment is affirmed,the costs of both Courts to be paid by the plaintiff.

April 30. 1906.

## ON MOTION TO AMEND.

ESTOPINAL, J. Our attention has been directed to the fact that it was admitted at the bar by counsel on both sides in this case, that a tender of taxes on the basis of an assessment of $15000.00 was made to the Tax Collector and declined by him, notwithstanding the contrary advice of the counsel for the Tax Collector.

Under this circumstance we are of the opinion that the plaintiff is not liable for the interest on the amount of this tax, and that therefore, we erred in allowing same. This error however, can be corrected without rehearing the cause, and we now do so by ordering and decreeing that so much of our former decree as allows interest on the taxes due is stricken therefrom, and as thus amended the decree remains in full force and effect.

May 14th, 1906.

Rehearing refused May 14th, 1906.

Writ refused by Supreme Court June 7, 1906.

————o————

## No. 3929.)